UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

LESLIE FLEMING,

Plaintiff,                                          Case No.: 08-cv-14532

v

POTBELLY SANDWICH WORKS, L.L.C.,
a foreign limited liability company, and
STEPHANIE VALENTE, an individual,

Defendants.

| | |
|---|---|
| Scott P. Batey (P54711)<br>Attorney for Plaintiff<br>BATEY LAW FIRM, PLLC<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, Michigan 48025<br>Phone: (248) 540-6800<br>Facsimile: (248) 540-6814<br>E-Mail: sbatey@bateylaw.com | Donelle R. Buratto (P69756)<br>Attorney for Defendants<br>PLUNKETT COONEY<br>38505 Woodward Avenue, Suite 2000<br>Bloomfield Hills, Michigan 48304<br>Phone: (248) 901-4014<br>Facsimile: (248) 901-4040<br>E-Mail: dburatto@plunkettcooney.com |
| | Craig R. Annunziata (upon admission via *pro hac vice*)<br>Steve A. Miller (upon admission via *pro hac vice*)<br>Fisher & Phillips LLP<br>1000 Marquette Building<br>140 South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 346-8061<br>Facsimile: (312) 346-3179<br>E-Mail: smiller@laborlawyers.com |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendants, Potbelly Sandwich Works, LLC ("Defendant Potbelly") and

Stephanie Valente ("Defendant Valente") (collectively referred to hereinafter as "Defendants"),

by and through their attorneys, PLUNKETT COONEY, and for their Answer to the Complaint of

Plaintiff Leslie Fleming ("Plaintiff") and provide notice of their Affirmative Defenses, and in

support hereof state as follows:

1.      Plaintiff, Leslie Fleming, is a resident of the City of Southfield, County of Oakland, and State of Michigan.

**ANSWER:**    Defendants state that they are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, deny the allegations.

2.      Defendant, Potbelly Sandwich Works, LLC ("Potbelly") is a foreign limited liability company whose resident agent is The Corporation Company whose address is 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025 and who is duly authorized to conduct business throughout the State of Michigan including Oakland County, Michigan.

**ANSWER:**    Defendant Potbelly admits that it is a limited liability company and that its resident agent in Michigan is The Corporation Company (30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025), and that it is duly authorized to conduct business in the State of Michigan, including Oakland County, Michigan. Defendants deny the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      Upon information and belief, Defendant Stephanie Valente ("Valente") is a resident of the State of Michigan.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.      The events producing the original injury occurred in Oakland County, Michigan.

**ANSWER:**    Defendants admit that the alleged events occurred in Oakland County, Michigan. Defendants deny the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint and that they engaged in any wrongdoing with respect to Plaintiff.

5.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

**ANSWER:** Defendants state that Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction in this litigation, and that venue is proper in this Court. To the extent Paragraph 5 contains any express or implicit allegations of wrongdoing, Defendants deny all such allegations.

6.      Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the [sic] which has resulted in mental, emotional and economic damages to Plaintiff as well as, the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, et seq., ("ELCRA").

**ANSWER:** Defendants state that Paragraph 6 of Plaintiff's Complaint contains Plaintiff's characterization of her lawsuit and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff is bringing this action pursuant to Title VII and the ELCRA, but Defendants deny any express or implicit allegations of wrongdoing set forth therein.

7.      The amount in controversy exceeds $100,000.00 and is otherwise within the Jurisdiction of this Court.

**ANSWER:** Defendants state that Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction in this litigation. To the extent Paragraph 7 contains any express or implicit allegations of wrongdoing, Defendants deny all such allegations, and expressly deny that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS

8.      Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

**ANSWER:**   Defendants incorporate by reference their answers to Paragraphs 1-7 of Plaintiff's Complaint, as if fully set forth herein.

9.      Plaintiff, Leslie Fleming, is an African-American female who has been employed with Defendant, Potbelly since August 2006.  At all material times, Plaintiff performed her job duties in a manner that was satisfactory or better.

**ANSWER:**   Defendants admit that Plaintiff is African-American, and Defendant Potbelly admits that Plaintiff started her employment with Defendant Potbelly in August, 2006. Defendants deny the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.     Plaintiff worked at Defendant Potbelly restaurants in Troy and the Southfield Evergreen locations from August 2006 until March 2008 without incident and with satisfactory of [sic] better performance reviews.

**ANSWER:**   Defendant Potbelly states that Plaintiff worked at its store located at 3111 Crooks Road, Troy, Michigan, from approximately August 26, 2006, until approximately October 3, 2006, and worked at its store located at 26221 Evergreen Road, Southfield, Michigan, from approximately October 4, 2006, until approximately February 18, 2008.  Defendants deny the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.     In March 2008 Plaintiff was transferred to Defendant Potbelly's Southfield 12 Mile ("12 Mile restaurant") location.

**ANSWER:**    Defendant Potbelly states that on or about February 18, 2008, Plaintiff was transferred to its store located at 24556 W. Telegraph & 12th, Southfield, Michigan. Defendants deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.    At the 12 Mile restaurant Plaintiff reported directly to Defendant Valente.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.    [Omitted by Plaintiff]

14.    During Plaintiff's employment at Potbelly, Defendant Potbelly and their [sic] employees, agents and servants including but not limited to Defendant, Valente has [sic] singled her out, treated her more harshly than similarly situation Caucasian employees and fabricated situations to paint Plaintiff in an unfavorable light due to her race.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.    Specifically, Defendant Potbelly and their [sic] employees, agents and servants including but not limited to Defendant, Valente, treated Plaintiff [sic] by treating her much more harshly than similarly situated Caucasian employees which included:

   a.    Fabricating stories regarding Plaintiff's work performance to paint her in an unfavorable light;

   b.    Following her closely as she worked as if to stalk her in [sic] effort to intimidate her;

   c.    Telling and participating in racially offensive jokes;

   d.    Making stereotypical comments about attitudes of African-Americans;

   e.    Stating that everyone from Detroit is from the ghetto;

   f.    Falsely accusing Plaintiff of shorting the case register;

        g.      Only disciplining Plaintiff when other similarly situated Caucasian employees were not disciplined for the same alleged infraction.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

    16.    [Omitted by Plaintiff]

    17.    Plaintiff exercised her legal right to be free of racial discrimination and complained of racial discrimination to the appropriate supervisors in accordance with Potbelly policies thereby placing Defendant Potbelly on notice of the racial discrimination.

**ANSWER:**    Defendants state that Plaintiff submitted an internal complaint concerning a few racial comments and further state that they took appropriate corrective action. Defendants deny the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

    18.    Despite Plaintiff's complaints of racial discrimination, Defendant Potbelly did nothing to curb or stop the racial discrimination.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

    19.    During her employment with Defendants Plaintiff was harassed, discriminated against and retaliated against based upon her race and her complaints of racial discrimination and adverse employment actions, including termination were taken as a result of her race, and her complaints of racial discrimination including but not limited to, being treated differently than similarly situated Caucasian employees and termination.

**ANSWER:** Defendants state that Paragraph 19 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein.

20.     Defendants Potbelly and its employees, agents, servants, management, staff and contractors, including Defendant Valente, have engaged in discriminatory and retaliatory treatment toward the Plaintiff based upon her race in violation of Title VII and the ELCRA.

**ANSWER:**     Defendants state that Paragraph 20 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth therein.

21.     On or about August 7, 2008, the EEOC issued a Right to Sue letter to Plaintiff allowing her to file this Complaint against Defendant Potbelly for violations of Title VII of the Civil Rights Act of 1964.

**ANSWER:**     Defendants state that Paragraph 21 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Potbelly states that on or about August 7, 2008, the EEOC issued Complainant a Right to Sue letter.  To the extent Paragraph 21 contains any express or implicit allegations of wrongdoing, Defendants deny all such allegations, and expressly deny that Plaintiff is entitled to any relief whatsoever.

22.     During the time period in question, Defendant, Potbelly was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, et seq.   Moreover, Defendant Potbelly is responsible for all acts committed by it agents, representatives and employees within the scope of their employment.

**ANSWER:** Defendants state that Paragraph 22 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant

Potbelly admits that it is an employer and Plaintiff was its employee for purposes of Title VII and the ELCRA. Defendants deny each and every remaining allegation set forth therein.

23.     At times relevant, Plaintiff was acting as an employee of Potbelly.

**ANSWER:**     Defendants state that they are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint and, therefore, deny the allegations.

24.     Defendants, through their agents, representatives and employees were predisposed to harass, discriminate and retaliate against Plaintiff on the basis of her race and acted in accordance with that predisposition.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER:**     Defendants state that Paragraph 25 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein.

**COUNT I**
**RACIAL DISCRIMINATION**

26.     Plaintiff incorporates by reference Paragraphs 1 through 25 above as though more fully set forth therein.

**ANSWER:**     Defendants incorporate by reference their answers to Paragraphs 1-25 of Plaintiff's Complaint, as if fully set forth herein.

27.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff is guaranteed

the right to be free from discriminatory treatment and harassment and/or retaliation from their employer and/or supervisors based upon her race.

**ANSWER:**   Defendants state that Paragraph 27 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they subjected Plaintiff to any discriminatory treatment or harassment based upon her race and/or unlawful retaliation.

28.   Plaintiff's race was a factor in Defendant Potbelly's employment decisions and actions.

**ANSWER:**   Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.   Plaintiff's race was a factor in Defendants' employment decisions, actions, treatment, conduct and attitude towards Plaintiff.

**ANSWER:**   Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.   Defendants are employers within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, _et seq._ and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, _et seq._

**ANSWER:**   Defendants state that Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Potbelly admits that it is an employer for purposes of Title VII and the ELCRA.  Defendants deny each and every remaining allegation set forth therein.

31.   Plaintiff has been subjected to repeated an continuous discriminatory and retaliatory treatment based upon her race by Defendants, their employees and agents to the point where her status as an employee has been detrimentally affected by Defendants and Plaintiff has

been subjected to adverse employment actions and required to work in a hostile work environment.

**ANSWER:**   Defendants state that Paragraph 31 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein.

32.   Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorneys fees.

**ANSWER:**   Defendants state that Paragraph 32 of Plaintiff's Complaint contains legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein and that Plaintiff is entitled to any recovery.

33.   Defendants, their agents, employees and representatives created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

  a.   Violating the laws against discrimination by engaging in racial discrimination in the workplace;

  b.   Imposing discipline based on race;

  c.   Taking adverse employment action against Plaintiff based upon her race;

  d.   Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful;

  e.   Preventing Plaintiff from having full and fair opportunities to advance in his [sic] position based upon her race.

      f.       Retaliating against Plaintiff for filing Complaints against Defendant, Potbelly, their employees, agents and servants for racial discrimination.

      g.      Creating a hostile work environment for Plaintiff by discriminating against her, harassing her and retaliating against her due to her race.

**ANSWER:** Defendants state that Paragraph 33 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein.

34.     Defendants owed Plaintiff as an African-American employee, a duty to adequately advise their employees to refrain from discriminating against employees.

**ANSWER:** Defendants state that Paragraph 34 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth therein.

35.     Defendants owned Plaintiff as an African-American, a duty to refrain from discriminating against her, harassing her and treating her differently as direct result of her race.

**ANSWER:** Defendants state that Paragraph 35 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they discriminated against, harassed, or treated Plaintiff differently because of her race, or violated any alleged duty to protect her from the same.

36.     Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

      a.      Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b.   Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over female employees;

c.   Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

d.   Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

e.   Failing/refusing to employ Plaintiff based on her race and complaints of racial discrimination.

**ANSWER:**   Defendants state that Paragraph 36 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth therein, including subparagraphs (a) – (e).

37.   As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of the Defendants and their agents and employees.

**ANSWER:**   Defendants state that Paragraph 37 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth therein.

38.   Because of the unlawful conduct of Defendants, their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self esteem, loss of earning and other employment benefits, and a loss of capacity for the enjoyment of life.

**ANSWER:**   Defendants state that Paragraph 38 of Plaintiff's Complaint contains legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a

-12-

response is required, Defendants deny each and every allegation set forth therein and that Plaintiff is entitled to any relief.

**COUNT IV**
**WRONGFUL TERMINATION**

39.     Plaintiff incorporates by referenced paragraphs 1 through 38 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendants incorporate by reference their answers to Paragraphs 1-38 of Plaintiff's Complaint, as if fully set forth herein.

40.     On or about May 5, 2008 Plaintiff was informed by Defendants that she was being terminated from her employment with Potbelly and would no longer be employed there in any capacity.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Plaintiff's termination was the direct result of her race and in retaliation for her complaints of race discrimination.

**ANSWER:**     Defendants state that Paragraph 41 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth therein.

42.     Because the unlawful conduct of Defendants constituting wrongful termination, and as approximate [sic] result of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish, anxiety, emotional distress, loss of self esteem and loss of earnings.

**ANSWER:**     Defendants state that Paragraph 42 of Plaintiff's Complaint contains legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a

response is required, Defendants deny each and every allegation set forth therein and that Plaintiff is entitled to any relief.

Defendants state that the remainder of Plaintiff's Complaint contains Plaintiff's demand for a jury trial and request for relief to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and further deny that Plaintiff is entitled to any relief.

Respectfully submitted,

PLUNKETT ♥ COONEY

*/s/Donelle R. Buratto*

By:_____
Donelle R. Buratto (P69756)
Attorney for Defendants
38505 Woodward, Suite 2000
Bloomfield Hills, Michigan 48304
Direct Dial: (248) 594-6312
Facsimile:   (248) 901-4040
E-Mail: dburatto@plunkettcooney.com


Craig R. Annunziata (upon admission via
*pro hac vice*)
Steve A. Miller (upon admission via *pro hac vice*)
1000 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179
E-Mail: smiller@laborlawyers.com

Dated: January 12, 2008

-14-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

LESLIE FLEMING,

Plaintiff,

v

POTBELLY SANDWICH WORKS, L.L.C.,
a foreign limited liability company, and
STEPHANIE VALENTE, an individual,

Defendants.

Case No.: 08-cv-14532

| | |
|---|---|
| Scott P. Batey (P54711)<br>Attorney for Plaintiff<br>BATEY LAW FIRM, PLLC<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, Michigan 48025<br>Phone: (248) 540-6800<br>Facsimile: (248) 540-6814<br>E-Mail: sbatey@bateylaw.com | Donelle R. Buratto (P69756)<br>Attorney for Defendants<br>PLUNKETT COONEY<br>38505 Woodward Avenue, Suite 2000<br>Bloomfield Hills, Michigan 48304<br>Phone: (248) 901-4014<br>Facsimile: (248) 901-4040<br>E-Mail: dburatto@plunkettcooney.com |
| | Craig R. Annunziata<br>(upon admission via *pro hac vice*)<br>Steve A. Miller<br>(upon admission via *pro hac vice*)<br>Fisher & Phillips LLP<br>1000 Marquette Building<br>140 South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 346-8061<br>Facsimile: (312) 346-3179<br>E-Mail: smiller@laborlawyers.com |

## NOTICE OF AFFIRMATIVE DEFENSES

NOW COME Defendants, POTBELLY SANDWICH WORKS, L.L.C., and

STEPHANIE VALENTE, by and through their attorneys, PLUNKETT COONEY, and for their

Affirmative Defenses, state as follows:

1.      Without prejudice to their denials and other statements of their pleadings, Defendants alleges that Plaintiff's Complaint fails to state claims upon which relief may be granted.

2.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's injuries or damages, if any, were not proximately caused by the acts or omissions of Defendants.

3.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's claims are barred to the extent that they allege violations occurring more than 300 days prior to her filing a Charge of Discrimination.

4.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's claims are barred to the extent that they are beyond the scope of her Charge of Discrimination.

5.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's claims are barred by her failure to exhaust the applicable federal, state, and local administrative remedies before initiating the instant lawsuit and/or filing her lawsuit within the requisite 90 day period.

6.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's injuries or damages, if any, were not proximately caused by the acts or omissions of Defendants.

7.      Without prejudice to its denials and other statements of its pleadings, Defendant Potbelly alleges that Plaintiff is not entitled to recover punitive or exemplary damages since Defendant Potbelly cannot be vicariously liable for discriminatory employment actions of its employees because those decisions, if any, were contrary to its good faith efforts to comply with

-16-

applicable federal, state, and local laws and regulations prohibiting discrimination and harassment.

8.      Without prejudice to its denials and other statements of its pleadings, while Defendant Potbelly expressly denies that it or any employee agent under its supervision acted in any manner which would constitute unlawful harassment and/or discrimination, if Plaintiff's rights were violated, which they were not, the violation occurred outside the scope of the employment agency and without the consent of Defendant Potbelly. Defendant Potbelly did not condone, ratify or tolerate any such conduct, but instead prohibited such.

9.      Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's Complaint and the allegations therein fail to set forth facts sufficient to constitute a claim for exemplary or punitive damages under federal and/or Michigan law.

10.     Without prejudice to their denials and other statements of their pleadings, Defendants allege that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages and obtain subsequent employment in a timely manner.

11.     Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff is estopped by her conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein, and waived any right to recover any relief sought therein.

12.     Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

-17-

13.     Without prejudice to their denials and other statements of their pleadings, Defendants allege that to the extent Plaintiff has suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

14.     Without prejudice to their denials and other statements of their pleadings, Defendants allege that Plaintiff's claim for back/front pay damages is barred to the extent that she has been unable to work since her separation.

15.     Without prejudice to their denials and other statements of their pleadings, Defendants alleges that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

Defendants reserve the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Defendants Potbelly Sandwich Works, LLC and Stephanie Valente deny that Plaintiff is entitled to judgment in any sum whatsoever, and respectfully request that this Court enter judgment in favor of Defendants with costs and reasonable attorney's fees assessed against Plaintiff, as well as such other and further relief which the Court deems just and appropriate.

Respectfully submitted,

PLUNKETT ♥ COONEY

By: /s/Donelle R. Buratto
_____
Donelle R. Buratto (P69756)
Attorney for Defendants
38505 Woodward, Suite 2000
Bloomfield Hills, Michigan 48304
Direct Dial: (248) 594-6312
Facsimile: (248) 901-4040
E-Mail: dburatto@plunkettcooney.com

-18-

Craig R. Annunziata (upon admission via
*pro hac vice*)
Steve A. Miller (upon admission via *pro hac
vice*)
1000 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179
E-Mail: smiller@laborlawyers.com

Dated:  January 12, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

LESLIE FLEMING,

Plaintiff,                                              Case No.: 08-cv-14532

v

POTBELLY SANDWICH WORKS, L.L.C.,
a foreign limited liability company, and
STEPHANIE VALENTE, an individual,

Defendants.

| | |
|---|---|
| Scott P. Batey (P54711) | Donelle R. Buratto (P69756) |
| Attorney for Plaintiff | Attorney for Defendants |
| BATEY LAW FIRM, PLLC | PLUNKETT COONEY |
| 30200 Telegraph Road, Suite 400 | 38505 Woodward Avenue, Suite 2000 |
| Bingham Farms, Michigan  48025 | Bloomfield Hills, Michigan  48304 |
| Phone:  (248) 540-6800 | Phone:  (248) 901-4014 |
| Facsimile:  (248) 540-6814 | Facsimile:  (248) 901-4040 |
| E-Mail:  sbatey@bateylaw.com | E-Mail:  dburatto@plunkettcooney.com |
| | |
| | Craig R. Annunziata |
| | (upon admission via *pro hac vice*) |
| | Steve A. Miller |
| | (upon admission via *pro hac vice*) |
| | Fisher & Phillips LLP |
| | 1000 Marquette Building |
| | 140 South Dearborn Street |
| | Chicago, Illinois 60603 |
| | Telephone:  (312) 346-8061 |
| | Facsimile: (312) 346-3179 |
| | E-Mail:  smiller@laborlawyers.com |

## RELIANCE UPON JURY DEMAND

NOW COME Defendants, POTBELLY SANDWICH WORKS, L.L.C., and
STEPHANIE VALENTE, by and through their attorneys, PLUNKETT COONEY, and hereby
relies upon the jury demand previously filed by Plaintiff in the above-entitled cause of action.

Respectfully submitted,

P<span>LUNKETT</span> ♥ C<span>OONEY</span>

*/s/Donelle R. Buratto*

By:_____

Donelle R. Buratto (P69756)
Attorney for Defendants
38505 Woodward, Suite 2000
Bloomfield Hills, Michigan 48304
Direct Dial: (248) 594-6312
Facsimile: (248) 901-4040
E-Mail: dburatto@plunkettcooney.com


Craig R. Annunziata (upon admission via
*pro hac vice*)
Steve A. Miller (upon admission via *pro hac
vice*)
1000 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179
E-Mail: smiller@laborlawyers.com

Dated: January 12, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

LESLIE FLEMING,

Plaintiff,                                          Case No.: 08-cv-14532

v

POTBELLY SANDWICH WORKS, L.L.C.,
a foreign limited liability company, and
STEPHANIE VALENTE, an individual,

Defendants.

| | |
|---|---|
| Scott P. Batey (P54711)<br>Attorney for Plaintiff<br>BATEY LAW FIRM, PLLC<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, Michigan 48025<br>Phone:  (248) 540-6800<br>Facsimile: (248) 540-6814<br>E-Mail:  sbatey@bateylaw.com | Donelle R. Buratto (P69756)<br>Attorney for Defendants<br>PLUNKETT COONEY<br>38505 Woodward Avenue, Suite 2000<br>Bloomfield Hills, Michigan 48304<br>Phone:  (248) 901-4014<br>Facsimile: (248) 901-4040<br>E-Mail: dburatto@plunkettcooney.com |
| | Craig R. Annunziata<br>(upon admission via *pro hac vice*)<br>Steve A. Miller<br>(upon admission via *pro hac vice*)<br>Fisher & Phillips LLP<br>1000 Marquette Building<br>140 South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 346-8061<br>Facsimile: (312) 346-3179<br>E-Mail:  smiller@laborlawyers.com |

## CERTIFICATE OF SERVICE

State of Michigan        )
                                   :ss
County of Oakland      )

    Donelle R. Buratto, states that she is associated with the law firm of Plunkett Cooney, and that on January 12, 2009, she served a copy of the attached:

        →    Answer to Plaintiff's Complaint;
        →    Affirmative Defenses; and

→   Reliance Upon Jury Demand

upon:

Scott P. Batey, Esquire
Batey Law Firm, PLLC
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025

by electronic filing.

*/s/Donelle R. Buratto*

DONELLE R. BURATTO
Attorney for Defendants
PLUNKETT COONEY
38505 Woodward, Suite 2000
Bloomfield Hills, Michigan 48304
Direct Dial: (248) 594-6312
Facsimile:   (248) 901-4040
E-Mail: dburatto@plunkettcooney.com